THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ÁNGEL A. OLIVENCIA, Defendant and Appellant.

No. CR-66-93.        Decided January 20, 1967.

*Luis A. Archilla Laugier* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* for The People.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

It is a well-settled doctrine of this Court that "in prosecutions for carrying weapons where the weapon is not presented because it has not been seized, the evidence must be clear and convincing." *People* v. *Rosario,* 80 P.R.R. 306 (1958), and see also, *People* v. *Oquendo,* 79 P.R.R. 511, 515 (1956); *People* v. *Pacheco,* 78 P.R.R. 23, 28 (1955); *People* v. *Garcés,* 78 P.R.R. 95, 100 (1955); *People* v. *Rupizá,* 72 P.R.R. 694, 696 (1951); *People* v. *Guzmán,* 52 P.R.R. 444, 455–56 (1938); *People* v. *Cartagena,* 37 P.R.R. 261, 264 (1927). The evidence in this case is not.

Appellant was charged with the violation of three provisions of the Weapons Law (25 L.P.R.A. § 411 *et seq.*). Sections 6, 8, and 32. Failure to have a license to possess a weapon; carrying a loaded weapon, and firing it. The jury which heard the case for carrying weapons acquitted him and the judge did likewise in the case for firing it. He was found guilty of violation of § 6.

The prosecuting attorney presented two witnesses. The first one, a customer of the bar where the incident supposedly occurred. The latter testified that on the night of July 4, 1963 he saw when appellant entered with a weapon like those used by policemen. He describes it as a black revolver, mahogany-colored grip, short barrel. He stated that appellant delivered it to the bartender of the business. On cross-examination he admits that he had been drinking since 4:00 p.m. The facts occurred at 10:00 p.m. That during that lapse of time he drank not less than fifteen beers.

The other witness for the prosecution was the bartender of the business where the facts occurred which gave rise to the informations filed against appellant. He testified that "that night while I was working in that business, about 11:15 or 11:30 there were two other men drinking beer. . . . On hearing a shot, like a firecracker, the two persons went out, and a little later they returned and said: 'it is el Cano who is drunk and playing.' " The prosecuting attorney then asks "Who said that?" and the witness answered: "Two men who entered the bar. They entered with a revolver, a 'small revolver' like a toy. It is el Cano playing with a toy revolver."

He affirms that el Cano (appellant) remained outside and that the men told him to put away the revolver. He testifies that they took appellant and put him in the bus and took him away. He insists that el Cano "did not enter the bar; that whoever it was did not enter the bar, he remained outside in the sidewalk . . . he stood at the door,

but did not enter." He affirms that the revolver "was small, of blank shells, I believe it was." The prosecuting attorney insists "You cannot tell whether it is of blank shells?" and the witness answers "I have seen the blank shell revolvers and that one was like that."[1]

The prosecuting attorney decides to impeach his testimony and the sworn statement the witness offered five days after the facts occurred is read to him. After it is read, the prosecuting attorney asks him, "Tell me, is it true or not that you say therein in your sworn statement before the prosecuting attorney which has just been read to you, that the two persons you mentioned who were in your business entered with el Cano, that later you learned that he was Ángel A. Olivencia?", (the appellant). Then he answers, "He came right to the door of the bar. This is the door, he stood here, but he did not go in."

The prosecuting attorney only tried to establish that in the sworn statement the witness had affirmed that the defendant had entered the bar (the witness, however, re-affirmed what he had testified) but he did nothing to contradict his statement at the trial to the effect that the weapon was a blank shell revolver, a four-inch revolver, a toy, as was repeatedly affirmed by the witness.

In the present case the judge acquits the defendant of the charge for discharging the revolver, but nevertheless he finds him guilty of carrying it, where it was not seized, and evidently, the evidence for the prosecution is not clear and convincing. While a witness who has been drinking alcoholic beverages for four or five consecutive hours describes the weapon in such terms that it may be inferred that it is a prohibited weapon, the other witness describes it as a toy weapon, a blank shell revolver. He affirms he has seen this

---

[1] It was not until Act No. 88 of June 25, 1965 was approved, 25 L.P.R.A. § 541 *et seq.* (Supp. 1965), that the carrying of blank shell weapons was prohibited.

kind of weapon before. The evidence for the prosecution does not establish clearly and convincingly that appellant was bearing a prohibited weapon. Where the weapon is not seized, possession thereof must be clearly and convincingly established. One cannot rely on a detailed description of the weapon. A witness can easily charge the possession of a weapon and if the only requirement is a more or less detailed description thereof, he could memorize it and recite it at the trial. Although exact details and a perfect consistency in the testimonies should not be required, at least, the evidence for the prosecution must be more convincing than that in this case. There is no other way to interpret our ruling in *Cartagena, supra.*

· The judgment appealed from will be reversed and the defendant acquitted.

Mr. Justice Rigau and Mr. Justice Ramírez Bages dissented in separate opinions. The Chief Justice concurs in the dissenting opinion of Mr. Justice Rigau. Mr. Justice Blanco Lugo dissented.

—O—

MR. JUSTICE RIGAU, with whom the Chief Justice concurs, dissenting.

San Juan, Puerto Rico, January 20, 1967

This is a question of credibility. The majority of this Court does not believe the evidence for the prosecution which was believed by the Judge of the Court who presided the hearing and who heard and saw the witness testify.

Like the judge who presided the hearing and the other Justices who dissent in this case, I believe that the evidence for the prosecution is worthy of credit. I think that in the evidence there are three clear indications that appellant illegally possessed a prohibited weapon.

The first one is that a witness for the defense testifies that the two persons who left the bar, when they returned and delivered the revolver to the bartender of the business, told him: "put away this good-for-nothing boy's revolver." That excess in the affirmation that the revolver was "a good-for-nothing boy's revolver," I think, is a clear indication that they wanted to establish, by force of repetition, a fact other than what actually occurred; that is, that they wanted to establish that the revolver was a toy revolver and not a real one.

The second indication is that those persons who wanted to protect appellant, immediately after the shot, took him, put him in a vehicle, and took him away from there. Why did they do it? It is evident to me that they took him away to protect him from being found and arrested by the police.

In the third place, if it was a "toy" revolver, as the witness for the defense testified, why did they have to take it away from the defendant and deliver it to the bartender to put it away?

As this Court already said, speaking through Justice Serrano Geyls, "We judges should not, after all, be so naive as to believe statements which no one else would believe." 83 P.R.R. 561 (1961).

These examples, plus the rest of the evidence for the prosecution, as believed by the trial judge, make me believe that we are not justified in substituting his views for ours. For these reasons, I would affirm.

—O—

MR. JUSTICE RAMÍREZ BAGES, dissenting.

San Juan, Puerto Rico, January 20, 1967

I dissent because, in my opinion, the evidence in this case was clear and convincing although conflicting. It was not

shown that the trial court committed manifest error, prejudice, or partiality in weighing the same.

In the cases for carrying weapons which we cite below, we affirmed judgments of conviction notwithstanding the evidence was conflicting. In *People* v. *Rosario*, 80 P.R.R. 306 (1958), there was conflict in the description of the weapon. Furthermore, the testimony of one of the two witnesses for the prosecution who said that he threw the weapon away was confusing and contradictory. In *People* v. *Oquendo*, 79 P.R.R. 511, 515–18 (1956), the two witnesses for the prosecution testified in relation to the carrying of the weapon which was not presented, while defendant's testimony and that of other witnesses for the defense tended to show that on the night of the occurrence the defendant did not have nor discharged any firearm. We decided that we would not disturb the weighing of the evidence made by the trial judge unless it be shown that he committed manifest error, prejudice, and partiality. In *People* v. *Pacheco*, 78 P.R.R. 23, 28 (1955), only one witness testified that he saw the defendant carrying a weapon which was not presented. Defendant testified in his defense. He denied having carried a weapon. We said that the testimony of the only witness of the case for carrying weapons "was enough if the trial judge believed him." In *People* v. *Garcés*, 78 P.R.R. 95, 100, 101 (1955), it was concluded that defendant was carrying a firearm because several witnesses saw him with a paper bag in his hands from which a cylindrical barrel was sticking out, and that later he was seen making several shots. We decided in that case that "On that evidence the court could very well conclude, as it did, that the object which defendant had inside the paper bag was one of the firearms which is prohibited by law. The weighing of the evidence rests entirely in the sound discretion of the trial judge and said finding shall not be disturbed by us unless it is proved that the

lower court acted with manifest error, prejudice, or partiality."

In the light of the foregoing, let us analyze the evidence offered in this case. Ángel Luis Pereles, witness for the prosecution, testified that about 10:30 or 11:00 p.m. on the night of Thursday, July 4, 1963, he was at El Coameño bar, in Cataño; that he heard a shot outside the bar; that later Olivencia entered with a revolver in his hand, which the witness described, and delivered to the bartender, who went out with the firearm to a house situated behind the business. Olivencia went out of the bar. On cross-examination, Pereles said that he started to drink beer only at 4:00 p.m. He admitted that he drank 15 beers, more or less, between that time and the time of the occurrence about which he testified, that is, in the lapse of about six hours. Said bartender testified, at the insistence of the prosecuting attorney, that after hearing the shot, two persons went out and on returning with a small revolver they said that it was Olivencia "playing with a toy revolver." He stated that the revolver "was small; it was a blank bullet revolver, I think," but he said he did not know about weapons. Then he added that "I have seen the blank bullet revolvers and the revolver was like that." The defense attorney as well as the trial judge thought that when the witness said "the revolver was like that", he meant that it measured about four inches. Pereles identified the weapon as a black revolver with mahogany-colored grip and short barrel, while the bartender, who said he did not know about weapons, identified it as "of blank shells."

There is no evidence in the record showing that Pereles was drunk as appellant argues, nor may it be inferred that he was not able to perceive the facts on which he testified because he had had 15 beers in the lapse of six hours. This witness saw Olivencia carrying a revolver with a short barrel; the bartender, who said he did not know about weapons, identified it as "of blank shells" and connected Olivencia

with the weapon and the shot heard outside. The witnesses for the defense testified that they heard a shot, went out of the bar to investigate, and saw nothing, and that Olivencia was not seen carrying a weapon.

The conflict in the evidence was settled by the trial judge. His judgment is sufficiently supported by the evidence. It has not been shown that he erred to the point of justifying our disturbing the weighing of the same. I conclude, as we did in *Pacheco, supra,* that the testimony of only one witness is sufficient if it is believed by the trial judge.